## CHALMERS & AL vs. STOW.

APPEAL from the court of the first district.

MARTIN, J. delivered the opinion of the court. The defendant and appellant urges the district court erred in refusing him leave to file a supplemental answer, and in allowing tallismen, before the original pannel was exhausted.

In the first district, an application for leave to amend, is too late on the day the causes are set down for trial. Talesmen may be summoned, without first exhausting all legal means to

East'n. District.
*Jan'y.* 1825.

CHALMERS &
AL.
*vs.*
STOW.

compel the
attendance of
jurymen on the
pannel.

On the 8th of May, 1813, it was provided by a rule of the district court that " all pleas, whether dilatory or in bar, must be set forth in the answer. No amendment shall be permitted to be made, in any petition or answer, unless the same be made, previous to the time when the case is set for trial. No amendment shall be made, after issue joined, tending wholly to alter the nature of the action or defence."

The present case was fixed for trial, on the 5th of December, 1823, 18th of February, 21st of April, and 29th of May, 1824.

On the 27th of May, 1823, the defendant filed his answer, excepting to the sufficiency of the petition, in form and substance, and denying all its allegations.

On the 17th of February, 1824, the defendant, with leave, filed a supplemental answer, stating the full payment and discharge of the debt claimed, by D. Talcott's note, the evidence of which payment was annexed to the note.

On the 21st of April following, they obtained a rule on the plaintiffs to shew cause, why they should not have leave to file a supplemental answer, pleading payment and satisfaction. On shewing cause, the rule was dis-

East'n. District.
*Jan'y.* 1825.

CHALMERS &
AL.
*vs.*
STOW.

missed, the court considering the application contrary to the above rule. The defendant took out a bill of exceptions.

The defendant's counsel contends that "there was no rule, as applicable to the present case," forbidding the leave; that if there be, it was contrary to law and void. "That the court had already given leave to the defendant, to file a supplemental answer," which was filed accordingly and was anterior to the operation of the rule.

We think the district court correctly denied leave. It was prayed for on the 21st of April, 1824, and on that day the cause was fixed for trial. The application therefore was not *previous* to the *time*, when the cause was called to be set for trial.

The object of the rule was to prevent delay, by compelling parties desirous to amend, to apply so early, as not to postpone the period of fixing the cause for trial. The application might as well be done, when the cause is called, as a few moments before. In both cases it might prevent the fixing of the cause, and create delay.

The power given to the district court to summon *talesmen*, to supply deficiencies in the

East'n. District.
Jan'y. 1825.

CHALMERS &
AL.
vs.
STOW.

original pannel (2 *Martin's Digest*, 142, 182 & 192) is given to avoid delay. There is no necessity of its waiting till all the legal means to coerce the attendance of the jurors on the pannel have failed; indeed the law does not require a resort to any; it suffices that it should appear a sufficient number is not in attendance.

No doubt the jurors summoned must have the same qualifications as the original one? otherwise they are not *like men*. The record does not shew that the objection of want of qualification was taken to any of them.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

*McCaleb* for the plaintiffs, *Morse* for the defendant.

